AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return |||
|---|---|---|
| Case No.: 4:15mj69-CAS | Date and time warrant executed: 7/15/15  6 a.m. | Copy of warrant and inventory left with: Sharon Grantham |
| Inventory made in the presence of: Vicki Posey, DEA TFO |||
| Inventory of the property taken and name of any person(s) seized: *See attached* |||

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 7/20/15

_____
Executing officer's signature

Katrina Robson, DEA TFO
Printed name and title

CAS 7/21/2015

**U.S. DEPARTMENT OF JUSTICE** - DRUG ENFORCEMENT ADMINISTRATION
## RECEIPT FOR CASH OR OTHER ITEMS

TO: (Name, Title, Address (including ZIP CODE), if applicable)
Sharon Grantham
2496 Golf Course Rd.
Perry, Fl

FILE NO. KH130020

G-DEP IDENTIFIER

FILE TITLE

DATE 7/15/15

DIVISION/DISTRICT OFFICE
DEA TFO Katrina Robson
850-350-7200

I hereby acknowledge receipt of the following described cash or other item(s), which was given into my custody by the above named individual.

| AMOUNT or QUANTITY | DESCRIPTION OF ITEM(S) | PURPOSE (If Applicable) |
|---|---|---|
| 1 | Black Sentry Safe containing a undetermined amount of U.S. Currency | |
| | 3 Vehicle Titles, 1 Set of Keys | |
| | 1 Living Will, Assorted Documents | SLTZV |
| | Nothing Found | |

RECEIVED BY (Signature)

NAME AND TITLE (Print or Type)
Kevin Whittle Sgt DEA

WITNESSED BY (Signature)

NAME AND TITLE (Print or Type)
Vicki Posey TFO

FORM DEA-12 (8-02) Previous editions obsolete

Electronic Form Version Designed in JetForm 5.2 Version

## ATTACHMENT A

The property to be searched is parcel number 05693-000 in Taylor County, Florida, more particularly described as a parcel of land containing a mobile home and having a physical address of 2496 Golf Course Road, Perry, Florida (the Premises). The property to be searched includes a mobile home, as well as any and all storage units, motor vehicles, and safes located on the Premises.



## ATTACHMENT B

1. All records relating to violations of 21 U.S.C. §§ 841 and 846, those violations involving Calista Hedricks and occurring after December 1, 2013, including:

   a. lists of customers and related identifying information;

   b. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

   c. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

   d. any information recording Hedricks' schedule or travel from 2009 to the present;

   e. all bank records, checks, credit card bills, account information, and other financial records;

   f. any package labels or tracking receipts;

   g. telephones, including wireless telephones, and computers or storage media used by Hedricks as a means to commit the violations described above;

   h. records relating to income and expenditures of money and wealth, to-wit: money orders, wire transfers, cashier's checks and receipts, bank statements, passbooks, checkbooks, and check registers; and

      i. all content of electronic mail and text message communications sent or received by Calista Hedricks relating to the violations described above.

2. Controlled substances, including but not limited marijuana and methamphetamine, held in violation of 21 U.S.C. §§ 841(a)(1) and 844(a);

3. Paraphernalia for packaging, processing, diluting, weighing, and distributing controlled substances, for example: scales, funnels, sifters, grinders, glass panes, mirrors, razor blades, plastic bags, heat-sealing devices, and dilutants such as mannitol, mannite, vitamin B12, etc.;

4. United States currency, foreign currency, precious metals and gems such as gold, silver, diamonds, etc. that are evidence of the above-described violations or otherwise subject to forfeiture pursuant to 21 U.S.C. §§ 853(a) and 853(f);

5. Items of personal property that tend to identify the person(s) in residence, occupancy, control, or ownership of the premises that is the subject of this warrant, including but not limited to canceled mail, deeds, leases, rental agreements, photographs, personal telephone books, diaries, utility and telephone bills, statements, identification documents, and keys; and

6. Firearms and other dangerous weapons.

7. For any computer, computer hard drive, wireless telephone, or other physical object upon which computer data can be recorded (hereinafter, "COMPUTER") that is called for by this warrant, or that might contain things otherwise called for by this warrant:

2

a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. evidence of the lack of such malicious software;

d. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

e. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

f. evidence of the times the COMPUTER was used;

g. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

h. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

      i. Contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

4

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Northern District of Florida

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
                                                           )    Case No.    4:15mj69-CAS
2496 GOLF COURSE ROAD, PERRY, FLORIDA )
                                                           )
                                                           )

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

    An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the    Northern    District of    Florida   
*(identify the person or describe the property to be searched and give its location)*:

    See Attachment A (incorporated herein by reference).

    I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

    See Attachment B (incorporated herein by reference).

    **YOU ARE COMMANDED** to execute this warrant on or before    7/28/15    *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

    Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

    The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    Judge Charles A. Stampelos   .
                                                                                                                          *(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
    ☐ for     days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of            .

Date and time issued:    7/14/15 1:22pm              *[signature]*
                                                                                                       *Judge's signature*

City and state:    Tallahassee, Florida           Honorable Charles A. Stampelos, Magistrate Judge
                                                                                           *Printed name and title*